7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar HINOJOSA-BENCOMO, Defendant-Appellant.
 No. 92-2148.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1993.
 
 Before MOORE, FEINBERG,* and ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Oscar Hinojosa-Bencomo was convicted of the importation and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 952(a), 960(a)(1), 960(b)(4) and 18 U.S.C. § 2. On appeal, he presents two issues. First, he contends the district court erred in denying his motion to dismiss the indictment with prejudice on double jeopardy grounds after the court ordered a mistrial. Second, he challenges the inclusion of a prior uncounseled misdemeanor conviction in determining his criminal history category under the sentencing guidelines. We affirm the district court on the first issue and defer judgment on the second pending the Supreme Court's ruling on this question in United States v. Nichols, 979 F.2d 402 (6th Cir.1992), cert. granted in part, --- U.S. ----, 1993 WL 151178 (Sept. 28, 1993).
 
 
 2
 While on night patrol, the U.S. Border Patrol spotted two people crossing the Mexican border, each carrying something. Agents subsequently arrested Mr. Hinojosa-Bencomo and Antonio Varela-Gonzalez and confiscated two bags filled with marijuana. Mr. Hinojosa-Bencomo elected to stand trial while his codefendant pled guilty to the same charges.
 
 
 3
 On cross-examination at trial, Mr. Hinojosa-Bencomo denied Mr. Varela was carrying a bag when they entered the United States. The Assistant United States Attorney then asked the defendant if he knew that Mr. Varela had pled guilty. Defense counsel objected.
 
 
 4
 The court and defense counsel recognized the question prejudiced Mr. Hinojosa-Bencomo because it suggested his guilt while depriving him of the opportunity to confront Mr. Varela whom the prosecution had failed to call as a witness. The prosecutor explained that she asked the question to challenge the defendant's credibility and offered to subpoena Mr. Varela.
 
 
 5
 After a bench conference, the court granted defense counsel's motion for a mistrial because of the inappropriate question. Later, the court denied defendant's subsequent motion to dismiss the indictment with prejudice upon double jeopardy grounds. At the retrial, the government presented the same witnesses and procured the presence of Mr. Varela though he never testified.
 
 
 6
 After the declaration of a mistrial, the Double Jeopardy Clause bars a subsequent retrial unless the defendant consented to the mistrial or "manifest necessity" compelled a mistrial. United States v. Crotwell, 896 F.2d 437, 439 (10th Cir.1990) (citations omitted). However, if a defendant succeeds in a motion for mistrial based on prosecutorial error, the Double Jeopardy Clause precludes a retrial if the prosecution acted with the intent to provoke the defendant to seek a mistrial. Oregon v. Kennedy, 456 U.S. 667, 679 (1982). Without this intent, "merely harassing or overreaching" misconduct by the prosecution will not bar a retrial even though it will substantiate a mistrial. United States v. Poe, 713 F.2d 579, 583 (10th Cir.1983), cert. denied, 466 U.S. 936 (1984). We review the trial court's denial of a motion to dismiss on double jeopardy grounds under an abuse of discretion standard. United States v. Powell, 982 F.2d 1422, 1429 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2361 (1993) (citation omitted).
 
 
 7
 By moving for mistrial, defendant consented to its entry. The fact that the prosecution's conduct compelled Mr. Hinojosa-Bencomo to seek a mistrial when he preferred to continue the first trial does not negate his consent. Under these circumstances, double jeopardy bars retrial only if the prosecutor intended by her question to force a mistrial. Oregon v. Kennedy, 456 U.S. at 679.
 
 
 8
 The district court characterized the government's comment as "inadvertent" in its order granting a mistrial. In fact, the prosecutor had offered to subpoena Mr. Varela at the first trial to enable the defendant an opportunity to cross-examine his codefendant. This willingness to correct the error supports the contention that the government did not intend to provoke a mistrial. In the absence of a showing of bad faith by the prosecutor, the district court properly denied the motion to dismiss the indictment on double jeopardy grounds. Because defendant consented to the mistrial, we need not address his arguments regarding the lack of manifest necessity.
 
 
 9
 The judgment of conviction is affirmed, and the cause is partially remanded. We retain jurisdiction over the balance of this case and hold in abeyance our judgment pending resolution of United States v. Nichols. The government shall notify this court when that case is finalized in the Supreme Court.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3